**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TERRY ALEXANDER,

    Plaintiff,

    v.

R. REYNOSO,

    Defendant.

No. C 12-1175 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendant's motion to dismiss for failure to exhaust administrative remedies is GRANTED.

## BACKGROUND

On March 8, 2012, plaintiff filed a complaint alleging that (1) an inmate punched him; (2) prison officials refused to investigate this incident; (3) wheelchair bound, he was put in 'the hole" without a proper bed in violation of the Americans with Disabilities Act; (4) he is not allowed sufficient exercise or access to a shower; and (5) he is being retaliated against. (Docket No. 1.) On July 2, 2012, the Court dismissed the first claim with prejudice and the

remaining claims with leave to amend.  (*See* Docket No. 8.)

On July 23, 2012, plaintiff filed a first amended complaint alleging that on May 4, 2012, defendant Officer R. Reynoso at Salinas Valley State Prison ("SVSP") used excessive force against him and violated his Eighth Amendment rights.  (Docket No. 13.)  Plaintiff contends that defendant Reynoso pushed him out of his wheelchair and then repeatedly punched and kicked him in the face; plaintiff claims he was handcuffed during the entire incident.  (*Id.*)  The Court found the amended complaint stated a cognizable excessive force claim, and ordered defendant served with the action. (Docket No. 22.)

On December 14, 2012, plaintiff filed a "supplement" to the amended complaint alleging that on November 16, 2011, another inmate attacked him and a guard did not stop the attack.  (Docket No. 26.)  Because the supplement contains entirely unrelated and separate claims which do not relate back to the original claim against defendant Reynoso, it is DISMISSED without prejudice to the filing of a separate action.[1]  Defendant moves to dismiss the amended complaint because plaintiff failed to exhaust his administrative remedies prior to filing suit.  (Docket No. 41.)

## DISCUSSION

Prisoners must properly exhaust their administrative remedies before filing suit in federal court.  "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

---

[1] While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action. *See Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in the original pleading. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Leave to file a supplemental complaint therefore may not be granted where the supplemental complaint involves a new and distinct cause of action that should be the subject of a separate suit. *See Neely*, 130 F.3d at 402 (abuse of discretion to allow plaintiffs to supplement complaint after final judgment to attack newly amended statute); *cf. Griffin v. County Sch. Bd. of Prince Edward County*, 377 U.S. 218, 226 (1964) (supplemental pleading proper where new transactions not new cause of action, but merely part of "same old cause of action" originally raised).

1 correctional facility until such administrative remedies as are available are exhausted." 42
2 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the
3 district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S.
4 731, 739 (2001)). Prisoners must now exhaust all 'available' remedies, not just those that
5 meet federal standards." *Id.* Even when the relief sought cannot be granted by the
6 administrative process, i.e., monetary damages, a prisoner must still exhaust administrative
7 remedies. *Id.* at 85-86 (citing *Booth*, 532 U.S. at 734). The PLRA's exhaustion requirement
8 requires "proper exhaustion" of available administrative remedies. *Id.* at 93.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation. *Barry v Ratelle*, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). *See id.* at 1237-38.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." *Id.* at 1120.

Plaintiff first raised the excessive force claim against defendant Reynoso based on the alleged assault that took place on May 4, 2012, in his amended complaint filed on July 23, 2012. According to the records provided by defendant, plaintiff filed six inmate grievances after May 4, 2012. (Lozano Decl., ¶ 8.) None of these six grievances were decided at the

1 third level of appeal because they were each screened out or cancelled. (*Id.*, ¶ 9.)
2 Furthermore, the only inmate grievance that mentioned the excessive force incident was
3 received at the third level of review on July 30, 2012, which was a week after plaintiff filed
4 the amended complaint. (*Id.*, ¶ 10.) The appeal was rejected at the third level because
5 plaintiff failed to follow the required procedures for submitting inmate grievances. (*Id.*)

In opposition, plaintiff admits that he filed a staff complaint (No. SVSP-L-12-01746) for defendant Reynoso's use of excessive force on July 3, 2012. (Docket No. 57 at 2.) He asserts that on July 20, 2012, the appeals coordinator partially granted the complaint and forwarded the appeal back to plaintiff. Plaintiff claims that he "did in fact complete a second level and third level response." Be that as it may, plaintiff signed the first amended complaint on July 18, 2012, (Am. Compl. at 3), which was *before* he allegedly received notice that his appeal was "partially granted" and returned to him on July 20, 2012. Furthermore, the record provided by defendant shows that the appeal at the second level was "completed" on June 23, 2012. (Mojica Decl., Ex. A at 3.) It is clear that plaintiff could not have exhausted his grievance through all levels of review prior to filing his amended complaint.

Plaintiff contends that he attempted to exhaust his administrative appeals but that prison officials prevented him from doing so. (Docket No. 57 at 3.) Contrary to this assertion, the facts as discussed above show that plaintiff was able to submit several grievances to the third level of review during the relevant period, and that they were rejected because plaintiff failed to follow procedures for submitting grievances.

In conclusion, the record shows that plaintiff failed to exhaust his excessive force claim properly against defendant Reynoso prior to filing the instant action and no exception to exhaustion applies. Accordingly, defendant's motion to dismiss is GRANTED.

///
///
///

## CONCLUSION

For the reasons stated above, defendant Reynoso's motion to dismiss (Docket No. 41) is GRANTED. The action is hereby DISMISSED without prejudice.

The Clerk shall enter judgment in favor of defendant, terminate Docket No. 41, and close the file.

**IT IS SO ORDERED**.

DATED: November 15, 2013

_____
RICHARD SEEBORG
United States District Judge